Appellant again complains because of the failure to give in the charge to the jury a satisfactory instruction relative to death from a supervening cause. There is no testimony relating to what was such supervening cause, when it arose, or what caused the same. The testimony does show that Mrs. Robison was a healthy woman in possession of all her faculties; that 'the condition of her health was good prior to the time of the accident and she was able to be up and take care of the house and the household duties. Subsequent to the time of the accident she was not able to be up and take care of the house and the household duties. She died in Hugo, oklahoma, August 16th, which was eight days after the accident. * * * Yes, my wife showed evidence of pain subsequent to the accident. She complained of pain in her chest and between her shoulders — constant pain — never did get it relieved. * * * She continued to show evidence of pain and suffering from the time of the collision until the date of her death; she was in pain continuously.'
The physician who attended her immediately after the collision was not in such attendance at the time of her death, and at the time she was taken from the Greenville hospital. He did not know the full extent of her injuries, but testified that it was entirely possible that the serious injury which he found upon her head could have ruptured certain blood vessels in or about the brain structure, which could have caused death. There was no supervening cause shown, but we do find that the trial court charged the jury that they could not convict the defendant in this case unless they believed from the evidence beyond a reasonable doubt that the death of Mrs. W. H. Robison occurred as a result of the injuries sustained by her in the collision in question. Again, he charged the jury that if they believed or had a reasonable doubt that the death of Mrs. W. H. Robison did not occur as the result of injuries sustained by her in the collision in question to acquit the appellant. See Art. 1202, Vernon's Ann.Tex.P.C., Vol. 2, and authorities cited thereunder.
The physician attending the injured lady, after having been informed of the treatment accorded her after she left his care, stated that it was entirely possible that she died from the serious injury suffered in this accident. We also think the testimony of W. H. Robison, the husband, was sufficient to show that the death was caused by such injuries suffered in the collision.
We think appellant has been the recipient of all the rights guaranteed him under the law, and that the charge of the trial court gave a correct instruction under the facts herein presented.
The motion for rehearing will be overruled.